IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

3:26 pm, 2/19/13

Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| HARRY VILLE TALERMO, ) | Case No. 11- 20806 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| GARY A. BARNEY, Trustee of the ) | |
| Bankruptcy Estate of Harry Ville Talermo ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 12-2010 |
| ) | |
| STEVE ROBINSON, Individually, ) | |
| ) | |
| Defendant. ) | |

## OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

On January 17, 2013, this matter came before the court for hearing on the cross motions for summary judgment filed by Steve Robinson ("Robinson") and Gary Barney, Trustee for the Bankruptcy Estate of Harry Talermo ("Trustee"). At the conclusion of the hearing the court took the matters under advisements. Upon a review of the record, pleadings and arguments of the parties, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1557 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(E) and (F). The motion is brought under Fed. R. Civ. P. 56, made applicable in adversary

proceedings by Fed. R. Bankr. P. 7056.[1]

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Summary judgment is appropriate when there is no disputed issue of material fact, and the moving party is entitled to judgment as a matter of law.[2]

A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[3] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[4]

**Findings of Facts**

Harry Talermo ("Debtor") filed for chapter 7 bankruptcy protection on July 27, 2012. Gary Barney was appointed as the chapter 7 trustee to administer the case.

Prior to filing his bankruptcy case, the Debtor borrowed $2,000.00 from Robinson. Subsequently, Debtor borrowed an additional $18,000.00 from Robinson in "late June or early July [2012]" providing Robinson collateral for the loans in a 2000 Calabria Boat ("Boat"), DHM Trailer ("Trailer") and 1991 Jaguar ("Jaguar"). On July

---

[1] Unless otherwise indicated all future statutory reference are to the United States Bankruptcy Code, 11 U.S.C. 101 *et seq.*

[2] *Hardy v. S. F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

[3] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[4] *Id.*

Page 2

7, 2012, Robinson placed liens against the Boat and Jaguar by placing a notation reflecting a lien on the titles filed with the Teton County Clerk. Robinson provided, as evidence, a copy of a handwritten UCC Financing Statement which does not reflect that the form was filed with either the Secretary of State or the Teton County Clerk's office. The Trustee provided evidence of a Secretary of State UCC lien search reflecting that "no active and lapsed financing statements...are on file." During the course of discovery, it appears that the Trustee requested Robinson to identify and attach documents regarding this loan transaction. Robinson did not provide a copy of any financing statement or security agreement to verify this transaction. The court's review of the material facts reflect that there are no facts in controversy and this court may enter a judgment as a matter of law.

**Discussion**

The Trustee seeks to avoid Robinson's liens under §§§ 544(a), 545(2) and 547(b) and requests that the court order Robinson to turn over the property of the estate to the Trustee for administration. Robinson argues that the new value exception under §547(c)(1) applies to the transaction to exclude the Trustee's avoidance powers.

Avoidance of Statutory lien under §545(2)

The trustee is permitted to void statutory liens that are not perfected or enforceable on the date of the petition against a bona fide purchaser.[5]

The creation of a security interest is a transfer that protects a secured party's

---

[5] §545(2).

interest, when the secured party has done all acts required to perfect its interest. The acts necessary to perfect are determined in accordance with state law.[6]

Under Wyoming law perfection of a security interest in a vehicle or motor vehicle requires two steps:

> "(i) A financing statement or security agreement must be filed in the office of the county clerk of the county in which the vehicle is located; and

> (ii) A notation of the security interest must be endorsed on the certificate of title to the vehicle or motor vehicle, the endorsement to be made concurrently with the filing of the financing statement or security agreement."[7]

The Wyoming Statute defines 'vehicle or motor vehicle required to be licensed" to include 'all vehicles, motor vehicles... required by the motor vehicle laws of the state of Wyoming to have a certificate or title or required to be registered or licensed under the laws of this state..."[8] A boat is included as under Wyoming law every owner of any vehicle that has an identifying number..., *including watercraft*, shall apply for a certificate of title at the office of a county clerk.[9] The court finds that the Boat and Jaguar, require the two-step process for perfection of a creditor's security interest.

Based on the facts, Robinson filed the notation of his lien on the titles to the Boat and Vehicle. However he failed to file a financing statement or security agreement in the

---

[6] *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211 (1998).

[7] Wyo. Stat. § 31-2-801 (2011).

[8] *Id.* at (d).

[9] Emphasis added.

Page 4

office of the Teton County Clerk concurrently with having the notation of his lien indicated on the titles. There is no indication that he did anything to perfect his security interest in the Trailer.

Mr. Robinson failed to comply with the requirements under Wyoming law to properly perfect his security interest in the property. The court finds that the Trustee may void the statutory liens that are not perfected or enforceable on the date of the petition. The court finds for the Trustee and against Robinson in this matter.

The court, finding that Robinson failed to properly perfect his security interest in the property, does not find it necessary to analyze the preferential transfer allegation or Robinson's defense to that allegation.

This opinion constitutes the Court's findings of fact and conclusions of law. Separate orders shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 19 day of February, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Ken McCartney
Frank Watkins