FILED

2:48 pm, 1/8/14

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HARRY VILLE TALERMO, | ) | Case No.   11-20806 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| GARY A. BARNEY, Trustee of the | ) | |
| Bankruptcy Estate of Harry Ville Talermo | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.   12-2010 |
| | ) | |
| STEVE ROBINSON, Individually, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION ON COMPLAINT FOR DELIVERY OR TURNOVER OF PROPERTY

On December 18, 2013, the Complaint for Delivery or Turnover of Property and to Avoid Lien, filed by Gary A. Barney, trustee of the bankruptcy estate of Harry Ville Talermo ("Trustee"), and the answer filed by defendant, Steve Robinson ("Robinson"), came before the court for trial. At the conclusion of the trial, the court took the matter under advisement. After reviewing the record, testimony and other evidence, arguments of the parties, and applicable law, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(a)(2)(F). The complaint is brought under 11 U.S.C. § 547(b).[1]

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

**Facts**

This case was remanded from the Tenth Circuit Bankruptcy Appellate Panel for trial or other disposition based upon a finding that there were material facts in controversy and the court applied § 545(2) in avoiding the liens in the Summary Judgment, which was not applicable. Upon remand, the Trustee asserts a preferential transfer under § 547(b) and Robinson claims a defense to the Trustee's lien avoidance under § 547(c)(1).

Harry Talermo ("Debtor") filed for chapter 7 bankruptcy protection on July 25, 2011. Prior to filing, in May 2011, Robinson loaned the Debtor the amount of $2,000.00. The testimony indicates that the parties did not discuss terms for repayment. Subsequently, in July 2011, the Debtor asked to borrow more money from Robinson.[2] At that time, Robinson loaned the Debtor the amount of $18,000.00. According to Robinson, he gave the money to the Debtor "a couple days prior to getting liens on the property." Robinson "thought it was prudent to have some kind of collateral" for the loans. After a discussion, Debtor offered a 1991 Jaguar valued at $7,500.00 ("Jaguar"), 1999 DHM Trailer valued at $500.00 ("Trailer"), and 2000 Calabria boat valued at $12,000.00 ("Boat") as collateral.[3]

After consultation with the Debtor's bankruptcy attorney, Robinson and the Debtor took the titles of the Jaguar and Boat and a National UCC Financing Statement ("Form

---

[2] Neither party presented testimony or evidence regarding the specific dates of these transactions.

[3] The trustee did not controvert the values placed on the property. The total values equal the amount of both loans.

Page 2

took the titles of the Jaguar and Boat and a National UCC Financing Statement ("Form UCC1") to the Teton County Clerk's office to effectuate the liens on the titles.[4] The titles to the Jaguar and Boat reflect that a lien was recorded on July 7, 2011, in the amount of $20,000.00 in favor of Steve Robinson. Form UCC1 reflects that it was recorded on the "7th JULY, 2011 at 2:59 o'clock" by "HKL deputy."

**Discussion**

The Trustee brought an adversary proceeding against Robinson seeking to avoid the liens on Debtor's Jaguar and Boat as preferential transfers. Robinson asserts that the liens should not be avoided based upon contemporaneous exchange exception under § 547(c)(1).

The Bankruptcy Code provides,

> "Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>    (A) on or within 90 days before the date of the filing of the petition; or
>    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>    (A) the case were a case under chapter 7 of this title;
>    (B) the transfer had not been made; and

---

[4] Robinson conceded that a lien was not properly placed on the Trailer.

Page 3

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."[5]

The Trustee has the burden of proving the avoidability of a preferential transfer by a preponderance of the evidence.[6] The creation of a security interest is a transfer for the purpose of § 547(b).[7] In this case, the Debtor transferred an interest in his property by providing Robinson a security interest in the Jaguar and Boat. The transfer was for Robinson's benefit as he became a secured creditor. The Bankruptcy Code further provides, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."[8] Debtor did not present testimony or evidence rebutting this presumption or disproving this element. The transfer occurred on July 7, 2011, or 18 days prior to Debtor filing his bankruptcy petition, which is within the 90 day period prior to his bankruptcy petition filing date. Robinson received more than he would have as an unsecured creditor as he is now a secured creditor.

The Bankruptcy Code does not define "antecedent debt." Courts have held that "a 'debt is antecedent' when the debtor becomes legally bound to pay before the transfer is made."[9] Each loan, i.e. the $2,000.00 loan in May 2011 and the $18,000.00 loan in July

---

[5] § 547(b).

[6] § 547(f) and *In re Robinson Bros. Drilling, Inc.* 9 F.3d 871 (10th Cir. 1993).

[7] *Royal v. Rocky Mountain Bank, F.S.B. (In re Potter)*, Adv. Case No. 93-2051, (Bankr. D. Wyo. July 27, 1994).

[8] § 547(f).

[9] *The Fonda Group, Inc, v. Marcus Travel*, 108 B.R. 956 (Bankr. D. N.J., 1989).

Page 4

2011, were made prior to the Debtor providing Robinson a security interest in Debtor's property. Therefore, the debts are antecedent. The court finds that the trustee has met his burden that the transfer was a preferential transfer under § 547(b).

Contemporaneous Exchange

The Bankruptcy Code provides certain defenses to preference actions. Specific to this case, Robinson claims the transfer was a contemporaneous exchange. The Bankruptcy Code states,

> "The trustee may not avoid...a transfer–
>    (1) to the extent that such transfer was –
>      (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>      (B) in fact a substantially contemporaneous exchange..."[10]

The creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidablity of a transfer under subsection (c) of this section."[11]

(1)    <u>Was new value received and what was the parties' "intent?"</u>

The court's review of the facts reflects that the Debtor and Robinson entered into two financial transactions. The first transaction was the $2,000.00 loan in May 2011. The second is the $18,000.00 loan in July, 2011. Mr. Robinson "lumps" both transactions together for the purpose of the contemporaneous exchange exception.

---

[10] § 547 (c)(1).

[11] § 547(g).

Page 5

(A)  New Value

For the purpose of a preferential transfer, "new value" is defined as

"money or money's worth in goods, services or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including the proceeds of such property, but does not include an obligation substituted for an existing obligation."[12]

The party asserting the contemporaneous new value defense "must prove with specificity the measure of new value given the debtor in the exchange transaction he seeks to protect and the challenged payment is protected only to the extent of the specific measure of new value shown."[13]

The court finds that Robinson provided testimony as to the amounts of the loans he provided to the debtor, i.e., $2,000.00 and $18,000.00 respectively.

(B)  Parties' Intent

The first part of the substantially contemporaneous test is the parties' intent. The Colorado Bankruptcy Court found this part of the test "is an unadorned factual determination based on the evidence presented at trial."[14]

(i)  First Transaction

The $2000.00 loan transaction occurred approximately two months prior to the

---

[12] § 547(a)(2).

[13] *Kipperman v. Onex Corp.*, 411 B.R. 805, 866 (N.D. Ga. 2009).

[14] *In re Kerst and Peters v. Wray State Bank*, 347 B.R. 418 (Bankr. D.Colo. 2006).

Page 6

Debtor granting Robinson a security interest in Debtor's Jaguar and Boat. According to Robinson's testimony, the parties did not discuss repayment terms of this loan. It was only when the Debtor requested more funds, i.e., the second transaction, that Robinson requested collateral for both loan amounts and Debtor granted Robinson a security interest in the Jaguar and Boat. The court does not find the parties had any intention of the $2,000.00 loan to be contemporaneous to Debtor's transfer to Robinson of a security interest in Debtor's property. However, the testimony reflects that the parties intended the second transaction to be a contemporaneous exchange as Robinson provided the money to the Debtor at the same time that the parties discussed Debtor providing collateral to Robinson for the loan. In conclusion, the court finds the first transaction does not meet the first element of the contemporaneous exchange test. However, the second transaction does meet the requirements that new value was given and the parties intended the transaction to be a contemporaneous exchange.

(2)    Was the second transfer "in fact" substantially contemporaneous?

The second element of the substantially contemporaneous test is whether the transfer was "in fact" substantially contemporaneous. The Tenth Circuit has not adopted a definitive test for determining whether a transaction qualifies as a substantially contemporaneous exchange. Several courts within the Tenth Circuit discussed the opposing views.

In *In re Pepper*, the Tenth Circuit Bankruptcy Panel ("BAP") applied both tests to

the facts finding that the transfer which occurred seven months and 18 days prior to the Creditor protecting its interest was not, in fact, a contemporaneous exchange.[15] The Bankruptcy Court for the District of New Mexico determined that ten days was "sufficiently immediate" in view of the time required for administrative task of invoicing, wiring funds, etc., to be defined as a contemporaneous exchange for the payments after the delivery of fuel to the debtor.[16]

In *Kerst,* the Bankruptcy Court for the District of Colorado ("Colorado Court") discussed both the narrow view that limits a substantially contemporaneous exchange to 10 days and the more liberal view that the court should review the facts on a case-by-case basis. The Colorado Court analyzed the liberal view proposed by the Seventh Circuit in the *Pine Top*[17] case that provides for a flexible definition of contemporaneous, considering the factors such as length of delay, reason for the delay, nature of the transaction, intension of the parties, and possible risk of fraud.[18] The *Kerst* court held that the nine days delay was considered substantially contemporaneous under even the most rigid bright-line test.

In the case before this court, Robinson testified that he gave the Debtor $18,000.00

---

[15] *In re Pepper,* 339 B.R. 756 (10th Cir. BAP 2006).

[16] *Indian Capital Distributing, Inc.,* Adv. No. 11-1060; 2012 Bankr. LEXIS 3725 (Bankr. D.N.M. Aug. 10, 2012).

[17] *Pine Top Insurance Company v. Bank of America National Trust and Savings Association,* 969 F.2d 321 (7th Cir. 1992).

[18] *Kerst* at 425.

just two days prior to the date that he and the Debtor went to the Teton County Court house to place Robinson's lien on the titles. As in the *Kerst* case, the two day delay meets the rigid bright-line ten-day test. Therefore the second transaction meets the elements of an exception to the trustee's ability to avoid the preferential transfer.

Conclusion

In conclusion, the Trailer is valued at $500.00. The values of the Jaguar and Boat total $19,500.00. Robinson concedes that the Trailer lien was not properly perfected.

The $2,000.00 transaction meets the standards of a preferential transfer, but fails to meet the elements required as a contemporaneous exchange exception. Therefore, the court finds for the plaintiff/Trustee with regard to the first transaction involving the $2,000.00.

The Trustee met his burden proving that the second transaction in the amount of $18,000.00 was a preferential transfer. However, Robinson carried his burden showing that the avoidance sought by the Trustee is nonavoidable as a contemporaneous exchange. The court finds for the defendant/Robinson with regard to the $18,000.00 transaction.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 8 day of January, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Frank Watkins
Ken McCartney